UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

JULIAN FRANKEL on behalf of herself and
all other similarly situated consumers

                      Plaintiff,

       -against-

DIVERSIFIED ADJUSTMENT SERVICE,
INCORPORATED

                      Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.     Plaintiff, Julian Frankel, brings this action against Diversified Adjustment Service, Incorporated for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.     Upon information and belief, Defendant's principal place of business is located in Coon Rapids, Minnesota.

5.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

**Jurisdiction and Venue**

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**Allegations Particular to Julian Frankel**

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about September 14, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a consumer debt.

12.     The said letter misstated the actual amount of the debt by stating that $143.90 was owed, yet the letter did not itemize the expenses or explain the amount of the debt in any way.

13.     The September 14, 2016 letter did not disclose that Defendant was in fact attempting to collect a collection fee.

14.     Since the collection fee that the Defendant is attempting to collect is a fee in excess of the actual debt, it must be explicitly itemized as such, yet the Defendant chose to withhold such information.

15.     The September 14, 2016 letter, by unilaterally determining that $143.90 was the amount owed, misstated the actual amount of the debt as it did not indicate that included in the amount due was a collection fee of $21.95 that the Defendant was attempting to collect.

16.     The Defendant necessarily had to specify separately, an amount that it intended to charge

(or had already charged) as collection fees and not merely lump it together with the total amount due.[1]

17.   15 U.S.C. § 1692e of the FDCPA states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." (2)(A) "the character, amount, or legal status of any debt[.]"

18.   15 U.S.C. § 1692f of the FDCPA states: "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

19.   The said September 14, 2016 letter does mislead the least sophisticated consumer, as nowhere does the Defendant explain that it is seeking to collect collection fees.

20.   The only way for a consumer to ascertain as to how the total amount due had been calculated by the Defendant would be to call up the Defendant and have the Defendant clarify it accordingly.

21.   By stating "Balance Due: $143.90" not only did the Defendant lump the amount together, but the Defendant led the Plaintiff to believe that amount stated in the letter was solely the amount of the bill incurred.

22.   The said September 14, 2016 letter is misleading because it gives a false impression of the character of the debt.

23.   The Defendant was supposed to itemize the various charges that comprise the total amount of the debt.

24.   Such a representation would likely confuse the least sophisticated consumer as to whether the amounts stated in the letter may increase due to interest, fees or some other reason,

---

[1] See Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004) (failed to disclose that $388.54 debt included claim for $250 attorney collection fee ) *Dowdy v. Solutia Healthcare TAS, Inc.*, No. 1:05-0090, 2006 U.S. Dist. LEXIS 88899, 2006 WL 3545047 at *7-9 (M.D. Tenn. Dec. 7, 2006) (citing *Fields* and concluding that defendant's collection letter violated § 1692e when it failed to clearly reflect the addition of the collection costs to the "principal balance" owed.); *Richard v. Oak Tree Group, Inc.*, 614 F. Supp. 2d 814 (W.D. Mich. 2008) (The inclusion of unaccrued collection agency fees hidden within the stated amount of the debt violated §1692e(2)(A), (B), and § 1692f(1).)

after the date of the letter.

25.    Such a representation would likely lead the least sophisticated consumer to be uncertain as to whether the amounts stated in the letter may increase due to interest, fees or some other reason, after the date of the letter.

26.    Upon information and belief, it is the Defendant's pattern and practice to use false, deceptive, or misleading representations when collecting debts from debtors.

27.    Upon information and belief, it is the Defendant's pattern and practice to not itemize the expenses or explain the amount of the debt in any way.[2]

28.    Defendant falsely represented the amount of the debt in violation of 15 U.S.C. § 1692e(2)(A).

29.    In addition, the $21.95 collection fee the Defendant unfairly sought to collect was unauthorized in violation of 15 U.S.C. § 1692f(1).

30.    The collection fee was not expressly authorized by the agreement, nor permitted by law.

31.    Defendant's September 14, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

32.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

33.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

34.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

---

[2] Acik v. IC System, Inc., 640 F. Supp. 2d 1019 (N.D. Ill. 2009) (The court held that the debt collector's letter would leave even a sophisticated consumer guessing as to what the "Additional Client Charges" label represented. The question under 15 U.S.C.S. § 1692e was not whether these charges were fair or proper, but whether the fees were clearly and fairly communicated so that the consumer could ascertain the fees' validity.)

35. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

36. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

37. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

38. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

39. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

40. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

41. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42.    The identities of all class members are readily ascertainable from the records of Diversified Adjustment Service, Incorporated and those business and governmental entities on whose behalf it attempts to collect debts.

43.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Diversified Adjustment Service, Incorporated, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.   The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

45.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

47.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment

will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

48.   Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

49.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50.   Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

51.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

52.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through fifty one (51) herein with the same force and effect is if the same were set forth at length herein.

53.     This cause of action is brought on behalf of Plaintiff and the members of a class.

54.     The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 14, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(2)(A), 1692f and 1692f(1) for failing to specify the amount of the collection fee, and for failing to disclose that Defendant was attempting to collect a collection fee.

### Violations of the Fair Debt Collection Practices Act

55.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

56.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       May 30, 2017

                                  ___/s/ Maxim Maximov_____
                                  Maxim Maximov, Esq.
                                  Attorneys for the Plaintiff
                                  Maxim Maximov, LLP
                                  1701 Avenue P
                                  Brooklyn, New York 11229
                                  Office: (718) 395-3459
                                  Facsimile: (718) 408-9570
                                  E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

                                  ___/s/ Maxim Maximov_____
                                  Maxim Maximov, Esq.